**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAXMI RIMAL, | No. 08-70693 |
| Petitioner, | Agency No. A099-363-198 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2013[**]
Pasadena, California

Before: HAWKINS, THOMAS, and HURWITZ, Circuit Judges.

Laxmi Rimal, a native and citizen of Nepal, seeks review of the Board of

Immigration Appeals's (BIA) order dismissing her appeal from an Immigration

Judge's (IJ) decision denying her applications for asylum, withholding of removal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we review de novo claims of due process violations, *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).

Substantial evidence supports the IJ's adverse credibility determinations. The IJ made well-supported findings that Rimal's testimony was vague and inconsistent with her written declaration. *See Shrestha v. Holder*, 590 F.3d at 1041–42.[1] Further, Rimal received due process through a full and fair hearing and meaningful BIA review. Rimal was provided a competent translator at the hearing, *see Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir. 1994), and was not prejudiced by either the IJ's passing reference to a report not in evidence or gaps in the hearing transcript, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

**DENIED**.

---

[1] We therefore do not reach the IJ's alternative grounds for denying Rimal's applications, which the BIA did not address. *See Shrestha v. Holder*, 590 F.3d at 1048.